12 CV 1634

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VALERIE HODGSON,

                                                Plaintiff,

-against-

CITY OF NEW YORK and NEW YORK CITY POLICE
DEPARTMENT,

                                                Defendants.
-----------------------------------------------------------------X

**VERIFIED COMPLAINT**

Case No.

**DEMAND FOR JURY**

Plaintiff, Valerie Hodgson, by and through her attorneys, Levy Ratner, P.C., alleges the

following upon information and belief against the City of New York ("City") and the New York

City Police Department ("NYPD"):

## NATURE OF ACTION

This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§ 2000e, et seq., the Equal Pay Act of 1962, 29 U.S.C. §§ 206(d), et seq., New York Executive

Law §§ 290 and 296, New York City Administrative Code §§ 8-101, et seq., and New York

State Equal Pay Act, N.Y. Lab. Law §§ 194, et seq. Plaintiff seeks declaratory relief, back pay,

as well as compensatory and punitive damages for violations of her rights.

## JURISDICTION AND VENUE

1.       The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-5(f)(3), 28

U.S.C. §§ 1331 and 1343(a)(3)-(4), and 28 U.S.C. § 1367(a) for claims arising under the New

York State Human Rights Law and the New York City Administrative Code, based on

supplemental jurisdiction over claims that arise from a common nucleus of operative facts and

are so intertwined with other matters pending before the Court as to make exercise of supplemental jurisdiction appropriate.

2.     Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under Title VII.   This action is founded on charges filed with the United States Equal Employment Opportunity Commission ("EEOC") by Plaintiff on or about December 15, 2010. (Charge no. 520-2011-00791 (filed December 15, 2010)).

3.     This lawsuit is commenced within (90) days of Plaintiff's receipt of notice from the U.S. Equal Employment Opportunity Commission ("EEOC") that she has a right to sue. (A copy of the notice of right to sue is annexed hereto as Exhibit "A").

## IDENTIFICATION OF THE PARTIES

4.     Plaintiff Valerie Hodgson worked in the New York City Police Department's Photographic Unit ("Photo Unit") for more than 27 years, until her retirement in March, 2011.

5.     Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.  Defendant is an "employer" as defined by Title VII.

6.     Defendant New York City Police Department ("NYPD") is a local government agency of New York City and is Plaintiff's former employer.

## STATEMENT OF THE FACTS

7.     Plaintiff began working as a Photographer in the NYPD's Photo Unit in 1983 and was promoted to Senior Photographer in 1988.

8.      In or around 2002, Defendants created a new position in the Photo Unit called "Administrative Manager."  This was a managerial position, second in command to the Director of the Photo Unit. Walter Taylor, a male Senior Photographer, was promoted into the Administrative Manager position at the time.

9.      In or around late 2005, Mr. Taylor left the Photo Unit.  Upon information and belief, when Mr. Taylor resigned, his annual salary was approximately $58,000.

10.     In early 2006 Plaintiff was promoted to the Administrative Manager position. Plaintiff was offered a salary of $48,000 per year, which she negotiated up to $50,000.

11.     As Administrative Manager, Plaintiff often performed the job functions of Chester Dabzitzki (male), the Director of the Photo Unit, because Mr. Dabzitzki was often out sick or otherwise unable to perform the job.

12.     In late 2008, Mr. Dabzitzki left the Photo Unit. Upon information and belief, Mr. Dabzitzki earned an annual salary of approximately $65,700 as Director of the Photo Unit.

13.     In February 2009, Arnold Wechsler, NYPD Assistant Commissioner, Employee Management Division, offered Plaintiff the Director position.  He offered her the position at the Manager-I ("M-I") level, with an annual salary of $60,000, more than $5,000 less than Mr. Dabzitzki earned at the time of his leaving the position.  Wechsler told Plaintiff when she took the Director position that she had to start at the Manager-I Level.

14.     That salary offer was based on a percentage increase of her already low annual salary of approximately $53,000, a substantially lower salary than that earned by her male

predecessor, Mr. Taylor, when he resigned as Assistant Manager of the Photo Unit more than three (3) years earlier.

15.    At the time that Plaintiff was offered the Director position she had measurably greater qualifications than Mr. Dabzitzki-- for example, Plaintiff had a college degree while, upon information and belief, Mr. Dabzitzki did not.

16.    Plaintiff initially declined the Director position because the salary was too low, and appealed the salary offer to the Office of the Chief of Detectives and New York City Department of Administrative Services. One such appeal was made by letter dated December 25, 2008, wherein Plaintiff placed Chief George F. Brown on notice of her belief that the NYPD had been compensating her in a discriminatory manner.  A copy of this letter is annexed hereto as Exhibit "B".

17.    Plaintiff's salary appeals were unsuccessful.

18.    Plaintiff ultimately accepted the position as Director of the Photo Unit and received a salary of only $60,000.

19.    Approximately fifteen months later, in 2010, Plaintiff was upgraded to the M-II level and given an annual salary of approximately $72,000.  This was the salary that she earned until her retirement in March, 2011.

20.    When Plaintiff retired from the NYPD, the Defendants selected Wilhelm Figueroa (male), who had been hired in the department on the same day as Plaintiff, to replace her as Director of the Photo Unit.

424-001-00001: Complaint

4

21.     Defendants promoted Mr. Figueroa directly from Senior Photographer to Director at the Manager-II level.  Accordingly, Mr. Figueroa skipped two promotional steps that were required of Plaintiff – Administrative Manager and Director, Manager-I.

22.     Upon Information and belief Mr. Figueroa received a salary increase of a significantly higher percentage than Plaintiff received when she was promoted to Director.

23.     In addition to being paid less than the two male employees she succeeded in the Administrative Manager and Director positions, and her male successor in the Director position, Plaintiff has also been paid less than other similarly situated male NYPD employees.

24.     Specifically, upon information and belief, the Director in the NYPD Video Production Unit, Anthony LoPresti, earned an annual salary of more than $115,000, during the time Plaintiff served as Director of the Photo Unit.

25.     As Director of the Photo Unit Plaintiff supervised a staff of approximately 41 employees; the head of the Video Production Unit supervised fewer employees.  The Photo Unit operated 17 hours a day, 7 days a week (Plaintiff was on call 24 hours a day); the Video Production Unit generally operated during business hours only, Monday through Fridays and, upon information and belief, the head of the Video Production Unit was not on call 24 hours a day.

26.     Similarly, upon information and belief, the Director of the NYPD's Printing Unit, Michael Netrosio, earned more than $115,000 per year during the period that Plaintiff served as

Director of the Photo Unit. Mr. Netrosio also supervised fewer employees than Plaintiff, and his department operated fewer hours per week.

27.    On or about January 12, 2010, Plaintiff interviewed five (5) candidates for Administrative Manager of the Photo Unit, the position she left vacant upon her promotion to Director --- three (3) female and two (2) males, Owen A. Willis and William A. Carter. Although the candidates were being considered for the same position, Deputy Director Margaret Samarotto informed Plaintiff that both male candidates, if hired, would have received a salary greater than both female candidates as well as Plaintiff herself.

28.    Plaintiff ultimately selected Beverly Williams for the Administrative Director Position. Upon information and belief Ms. William's salary as Administrative Director was not higher than Plaintiff's. Upon information and belief the other female candidate would not have received a higher salary than Plaintiff's if she had been selected for the Administrative Director position.

29.    Upon information and belief, other female Directors were paid less than similarly situated male Directors.

30.    Despite having actual knowledge of the disparate pay differentials set forth in paragraphs 1 through 29 above, Defendants knowingly and recklessly disregarded the fact that they were in violation of the Equal Pay Act by maintaining the discriminatory pay scales.

31.    By the above acts, Defendants have discriminated against Plaintiff in violation of Federal, State and City law.

424-001-00001: Complaint

6

32.    Following a full investigation by the EEOC of the above allegations, the Commission concluded that Defendant NYPD discriminated against Plaintiff on the basis of her sex in violation of the Equal Pay Act of 1962.  It failed to reach a conclusion with respect to Title VII.

## AS AND FOR A FIRST CAUSE OF ACTION

33.    Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 32 above, as if fully set forth herein.

34.    The actions of Defendants as set forth above constitute discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

## AS AND FOR A SECOND CAUSE OF ACTION

35.    Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs numbered 1 through 32 above, as if fully set forth herein.

36.    The actions of Defendants as set forth above constitute discrimination based on sex in violation of the Equal Pay Act of 1962, 29 U.S.C. §§ 206(d), et seq.

## AS AND FOR A THIRD CAUSE OF ACTION

37.    Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 32 above, as if fully set forth herein.

38.    The actions of Defendants as set forth above constitute discrimination based on sex in violation of the New York Executive Law §§ 290 and 296.

## AS AND FOR A FOURTH CAUSE OF ACTION

39.    Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 32 above, as if fully set forth herein.

40.    The actions of Defendants as set forth above constitute discrimination in violation of the New York State Equal Pay Act, N.Y. Lab. Law §§ 194, et seq.

## AS AND FOR A FIFTH CAUSE OF ACTION

41.    Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 32 above, as if fully set forth herein.

42.    The actions of Defendants as set forth above constitute discrimination based on sex in violation of the New York City Administrative Code §§ 8-101, et seq.

## STATEMENT OF CLAIM FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

43.    That the Court enter an order adjudging and declaring that the acts complained of herein constitute violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., the Equal Pay Act of 1962, 29 U.S.C. §§ 206(d), et seq., New York Executive Law §§ 290 and 296, New York City Administrative Code §§ 8-101, et seq., and New York State Equal Pay Act, N.Y. Lab. Law §§ 194, et seq.

44.    That the Court award Plaintiff back pay equal to the difference between the amount she would have earned absent unlawful discrimination and the amount she actually earned.

424-001-00001: Complaint

8

45.    That the Court award Plaintiff pension payments adjusted to reflect the amount she would have earned absent unlawful discrimination.

46.    That the Court award liquidated damages equal to the amount of her unpaid wages as provided under the Equal Pay Act of 1962, 29 U.S.C. § 216(b).

47.    That the Court award liquidated damages equal to twenty-five percent of the total amount of wages found to be due as provided under New York State Equal Pay Act, N.Y. Lab. Law § 198 (1-a).

48.    That the Court award compensatory damages in an amount sufficient to make Plaintiff whole for her loss of salary and benefits, and the mental and emotional distress, humiliation and anguish she suffered as a result of Defendants' unlawful conduct;

49.    That the Court enter an order awarding Plaintiff punitive damages in an appropriate amount in light of Defendants' actions taken in willful disregard of Plaintiff's rights.

50.    That the Court grant Plaintiff an award of reasonable attorneys' fees and costs;

51.    That the Court order such other and further relief as this Court deems appropriate.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury in this action.

Dated: March 6, 2012
       New York, New York

424-001-00001: Complaint

9

LEVY RATNER, P.C.

By:    Allyson L. Belovin (AB3702)
Robert H. Stroup (RS5929)
Attorneys for Valerie Hodgson
80 Eighth Avenue
New York, New York 10011
(212) 627-8100
(212) 627-8182 (fax)

424-001-00001: Complaint

10

# Exhibit A

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Valerie Hodgson<br>326 94th Street<br>Brooklyn, NY 11209 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2011-00791 | Emily F. Haimowitz,<br>Investigator | (212) 336-3759 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|   |   |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

*Kevin Berry*

**Kevin J. Berry,**
**District Director**

12/7/11
*(Date Mailed)*

cc:

| Lisa Moore<br>Legal Bureau Director<br>NEW YORK CITY POLICE DEPARTMENT (NYPD)<br>One Police Plaza<br>New York, NY 10007 | Allyson L. Belovin, Esq.<br>LEVY RATNER, P.C.<br>80 Eighth Avenue, 8th Floor<br>New York, NY 10011 |
|---|---|

# Exhibit B

 POLICE DEPARTMENT

The City of New York

December 25, 2008

Office of the Chief of Detectives
One Police Plaza (Room 1312)
New York, NY 10038

Dear Chief George F. Brown:

With the honor of being asked to become the Director of Photographic Services for the NYPD, it seemed like the perfect opportunity to serve in a position where twenty-five years of excellent and dedicated service would be rewarded with a salary commensurate with the duties and responsibilities of this important position. To my surprise and dismay, the offer of a $60,000 annual salary was made based upon my current $53,240 salary rather than my qualifications or the responsibilities of the new position.

The former director's salary was $65,714. Coming from the Photographer's line, where the career ladder has only one rung, it is impossible to achieve a salary in this position on par with other Directors in the Department (the Director of the Video Unit's 2007 pay, for example, is listed at $106,874), yet this position should be regarded equally. So, I am respectfully asking for a salary of $68,000 based upon the belief that this is what the job is worth and what a modest, yet more equitable salary should be.

When I was promoted to the position of Administrative Manager in February 2006, I also followed a man who was paid a salary much greater than I was given. At the time of his promotion in December 2001, Walter Taylor's salary became $50,118. Yet for reasons I cannot explain, it jumped to $53,286 three months later (since the Director did not also receive a pay increase at this time, it doesn't appear to be the result of a standard managerial raise). When Mr. Taylor resigned in 2005, his salary was $55,983. By the end of that year, it was listed at $58,313. I took over this position for $50,000. So, in three YEARS I have achieved an increase in pay virtually equal to what Mr. Taylor received in his first three MONTHS.

Additionally, I am now being asked to be the Unit Director for less than $2000 above what Mr. Taylor would have been earning three years ago. This means that if he was still employed by the NYPD and offered the directorship at the same percentage I've been offered, his salary would become $65,310 (this is without consideration for any

COURTESY  •  PROFESSIONALISM  •  RESPECT

PD 350-153 (Rev. 1-72, Sexist)

additional raises which would have occurred). This is greater still than my $60,000 offer (and your Director would be Walter Taylor).

My question is basically, why am I valued so much lower than Chester Dabzitzki and Walter Taylor? Among my qualifications, I have a college degree where Mr. Dabzitzki did not and I do not work out of title performing the duties of a Senior Photographer, as Mr. Taylor did.

According to the Police Department's Managerial Resource and Informational Guide, I should have been receiving performance evaluations which could have resulted in an annual Pay for Performance Award. I have never received an evaluation during the last three years. It appears that I have not received the same salary opportunities afforded my predecessor and this is now an issue, as my promotional pay offer is based on a salary which could have been higher than it is, based on these evaluations.

I hope it's clear that I would very much like to accept this promotion. I am truly honored to be offered this opportunity and look forward to meeting the challenges it presents. All I ask is that you understand my position regarding the salary and hope that we can come to an amicable agreement. Your assistance in this matter would be greatly appreciated.

Sincerely,

Valerie Hodgson
Administrative Manager